```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
IGOR VAYNGURT,                                                      :   16-CV-2261 (ARR)(VMS)
                                                                    :
                Plaintiff,                                          :   NOT FOR ELECTRONIC
                                                                    :   OR PRINT PUBLICATION
        -against-                                                   :
                                                                    :   OPINION & ORDER
SOUTHWEST CREDIT SYSTEMS, L.P.,                                     :
                                                                    :
                Defendant.                                          :
------------------------------------------------------------------- :
                                                                    X
```

ROSS, United States District Judge:

  Plaintiff, Igor Vayngurt ("Vayngurt"), alleges that a collection letter sent to him by defendant, Southwest Credit Systems, L.P. ("Southwest"), violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., because it used false, deceptive, or misleading representations. Second Am. Compl., Dkt. # 15 ("SAC"), ¶¶ 22, 23. Vayngurt alleges that Southwest's letter violated the FDCPA in two respects. First, he claims that the letter overstates the amount of debt currently due under the underlying contract by including a collection fee not yet incurred. SAC ¶¶ 15-16; First Am. Compl. Exh. 1, Dkt. # 14-1 ("Collection Notice"). Second, Vayngurt claims that the notice required by 15 U.S.C. § 1692g was overshadowed by the sentence "We are willing to work with you, but you must contact our office promptly" in the Collection Notice. SAC ¶¶ 19-21; Collection Notice.

  Before the court are the parties' motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. # 21; Dkt. # 22. For the reasons stated below, plaintiff's motion for judgment on the pleadings is denied and defendant's motion for judgment on the pleadings is granted.

## BACKGROUND

This dispute arises from plaintiff's alleged indebtedness to T-Mobile. SAC ¶ 10. Plaintiff's relationship with T-Mobile is governed by a contract. SAC ¶ 11; SAC Exh. 1, Dkt. 15-1 ("T-Mobile Contract"). In this contract, T-Mobile informed plaintiff:

> We may use a collection agency and you agree to pay collection agency fees we incur to collect payment. . . . [C]ollection agency fees are liquidated damages intended to be a reasonable advance estimate of our costs resulting from late payments and non-payments by our customers; these costs are not readily ascertainable and are difficult to predict or calculate at the time that these fees are set.

T-Mobile Contract ¶ 14.

On November 25, 2015, defendant sent plaintiff notice of an allegedly past-due amount on his T-Mobile account. This Collection Notice listed a balance of $191.90, comprised of $153.52 "principal" and a $38.80 "collection fee." Collection Notice. The collection fee is contingent upon collection. Defendant will not earn the fee unless it successfully collects plaintiff's alleged debt. SAC ¶ 15. The letter asserts that "[t]he balance listed is due in full," followed by a validation notice as required by 15 U.S.C. § 1692g:

> Unless you notify the office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Id. The collection notice concludes, "We are willing to work with you, but you must contact our office promptly." Id.

## DISCUSSION

A motion for judgment on the pleadings pursuant to Rule 12(c) "employ[s] the same

standard applicable to dismissals pursuant to Rule 12(b)(6)." L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 429 (2d Cir. 2011) (alterations omitted). "Judgment on the pleadings is appropriate where material facts are undisputed and a judgment on the merits is possible merely by considering the contents of the pleadings." Frerks v. Shalala, 848 F. Supp. 340, 347-48 (E.D.N.Y. 1994) (citing Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988)). Judgment on the pleadings is appropriate here because "whether or not the language of a collection letter violates the FDCPA is an issue of law to be decided by the court." Harry v. Pentagroup Financial LLC, No. 04-cv-4003, 2007 WL 812998, at *1 (E.D.N.Y. Mar. 14, 2007).

In assessing the legal sufficiency of a pleading, "[w]hile courts generally do not consider matters outside the pleadings, they may consider documents attached to the pleadings, documents referenced in the pleadings, or documents that are integral to the pleadings." Smart v. Goord, 441 F. Supp. 2d 631, 637 (S.D.N.Y. 2006); accord L-7 Designs, 647 F.3d at 422. Accordingly, the court will consider the Collection Notice and T-Mobile Contract, as both were attached to the SAC and referenced therein.[1]

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To ensure that the statute protects the most vulnerable population of debtors, courts are to view debt collection

---

[1] The Collection Notice was attached to the First Amended Complaint but omitted from the SAC. The court alerted the parties to this issue in a September 30, 2016, order explaining the court's assumption that "the parties agree that [the Collection Notice] should be treated as an exhibit to [the SAC]." Order, dated Sept. 30, 2016. In its order, the court requested the parties indicate any disagreement with treating the Collection Notice as an exhibit to the SAC by October 7, 2016. Id. The parties submitted nothing in response. Therefore, this letter is treated as an exhibit to the SAC for these motions.

3

communications from the perspective of the "least sophisticated consumer." Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005) (quoting Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2d Cir. 1993)). The "least sophisticated consumer" standard of review examines "how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996). Using this standard, the Second Circuit has emphasized that "in crafting a norm that protects the naïve and the credulous the courts have carefully preserved the concept of reasonableness." Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993); see also Rosa v. Gaynor, 784 F. Supp. 1, 3 (D.Conn.1989) ("The FDCPA does not extend to every bizarre or idiosyncratic interpretation by a debtor of a creditor's notice . . . [but] does reach the reasonable interpretation of a notice by even the least sophisticated [consumer].").

## A.   False Representation Claim

Vayngurt alleges that defendant falsely represented that the $38.80 "collection fee" was "due in full" as of the date of the Collection Letter, November 25, 2105. Pl.'s Mem. of Law in Supp. of Mot., Dkt. # 22-1 ("Pl.'s Mem."), at 7. According to plaintiff, the collection fee "constitutes a contingent fee [only to be] charged by the Defendant to T-Mobile if the principal amount of $153.52 was successfully collected" that did not become due unless and until paid by T-Mobile. Id.

The FDCPA prohibits "the false representation of . . . any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2)(B). "A consumer does not need to show intentional conduct on the part of the debt collector in order to recover under the FDCPA." Campbell v. MBI Associates, Inc., 98

F. Supp. 3d 568, 578 (E.D.N.Y. 2015) (citing <u>Ellis v. Solomon and Solomon, P.C.</u>, 591 F.3d 130, 135 (2d. Cir. 2010)). Therefore, if the collection fee was not, in fact, "due in full" as of November 25, 2015, defendant violated the FDCPA.

All aspects of the collection fee, including whether it was due at the time of the Collection Notice, are governed by the T-Mobile Contract. "[I]ssues [of contract interpretation] ordinarily present questions of law for the court to decide" and are therefore appropriately resolved in a Rule 12(c) motion. <u>O'Brien v. Argo Partners, Inc.</u>, 736 F. Supp. 2d 528, 534 (E.D.N.Y. 2010).

New York law governs the interpretation of the T-Mobile contract. T-Mobile Contract ¶ 27 ("This Agreement is governed by . . . the laws of the state in which your billing address in our records is located, without regard to the conflicts of laws rules of that state"); SAC ¶ 4 ("Plaintiff . . . resided in[] Brooklyn, New York."). Whether a contract is ambiguous is a question for the court to decide. <u>O'Brien</u>, 736 F. Supp. 2d at 535 (citing <u>Sayers v. Rochester Telephone Corp. Supplemental Mgmt. Pension Plan</u>, 7 F.3d 1091, 1095 (2d Cir. 1993)). Language in a contract is ambiguous if it is "capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement." <u>Id.</u> at 534.

The T-Mobile Contract specifies that the plaintiff "agree[s] to pay collection agency fees [T-Mobile] incur[s]." T-Mobile Contract ¶ 14. It further explains that "collection agency fees are liquidated damages intended to be a reasonable advance estimate" of collection costs. <u>Id</u>. Two meanings are possible. First, Vayngurt may have agreed to pay a reasonable fee *negotiated in advance* by T-Mobile and the collection agency, but only to pay this fee at the time T-Mobile incurred this fee. Alternatively, as defendants suggest, the plaintiff may have agreed to pay a

5

reasonable estimate of the fees T-Mobile incurs in collecting the debt, and to *pay this estimate in advance*. Because this provision is "capable of more than one meaning," I find it ambiguous as a matter of law.

Ambiguous contracts usually present a question of fact inappropriate for resolution in a judgment on the pleadings. See Sayers, 7 F.3d at 1094 (citing Seiden Assocs., Inc. v. ANC Holdings, Inc., 959 F.2d 425, 428 (2d Cir. 1992)). However, "if the equivocality must be resolved wholly without reference to extrinsic evidence the issue is to be determined as a question of law for the court." Harford Acc. & Indem. Co. v. Wesolowski, 305 N.E.2d 907, 909 (N.Y. 1973); see also Chase Manhattan Bank, N.A. v. American Nat. Bank and Trust Co. of Chicago, 93 F.3d 1064, 1073 (2d Cir. 1996) ("Summary judgment may be proper in a contract action if the contract is unambiguous, or if the contract is ambiguous but there is no relevant extrinsic evidence of the parties' actual intent.", citations omitted); Seiden, 959 F.2d at 429 ("Under New York law whether the language of a contract is ambiguous and, if so, what construction is proper, are legal questions."); Lorterdan Prop. At Ramapo I, LLC v. Watchtower Bible and Tract Society of New York, Inc., No. 11-cv-3656, 2012 WL 2873648, at *12 (S.D.N.Y. Jul. 10, 2012) (Under New York law, the court decides the meaning of an ambiguous contract "if there is no extrinsic evidence as to the contract's meaning.") (citing Revson v. Cinque & Cinque, P.C., 221 F.3d 59, 66 (2d Cir. 2000)).

Here, "there is no relevant evidence extrinsic to the [T-Mobile Contract] bearing on the intention of the parties at the time of its execution." Hartford, 305 N.E.2d at 909.[2] Therefore, I

---

[2] The court advised the parties on September 30, 2016:

> The court further assumes that the parties intend these motions to be resolved based solely on [the] Second Amended Complaint and its exhibits. Unless additional evidence or briefing is received by October 7, 2016, the motions will

6

interpret the contract as a matter of law.

In New York, ambiguous contracts are construed against the drafter, here, T-Mobile. Lebovits v. PHL Variable Ins. Co., -- F. Supp. 3d --, No. 12-cv-6397, 2016 WL 4194120, at *2 (E.D.N.Y. Aug. 9, 2016) (citing NIACC, LLC v. Greenwich Ins. Co., 857 N.Y.S.2d 723, 724 (N.Y. App. Div. 2008)). "[A] court must examine ambiguous terms from the vantage point of the reasonable expectations and purposes of the ordinary person." Haber v. St. Paul Guardian Ins. Co., 137 F.3d 691, 695 (2d Cir. 1998) (citations and internal alterations omitted). In other words, "a contract should not be interpreted to produce a result that is absurd, commercially unreasonable or contrary to the reasonable expectations of the parties." Greenwich Capital Fin. Prods., Inc. v. Negrin, 903 N.Y.S.2d 346, 348 (N.Y.App.Div. 2010) (internal quotation omitted).

Applying these principles, I conclude that the parties to the contract—T-Mobile and plaintiff—intended the collection fee to be owed at the same time as the principal. This interpretation is the most favorable to the consumer, considering his position at the time the T-Mobile Contract was signed. First, this interpretation prevents multiple rounds of collection activity from the same debt. Collection activity can be embarrassing or inconvenient for consumers without violating the FDCPA; a consumer would not seek to negotiate a prolongation of this process. Second, this interpretation allows the collection fee to be negotiated down at the same time as the principal. A consumer would see the clear benefit of being able to address both amounts simultaneously in his negotiations with the collection agency. Nor would T-Mobile

---

be decided based on the record currently before the court.

Order, dated Sept. 30, 2016. The parties presented no additional evidence or briefing. I therefore decide this motion based on the record before the court, which contains no extrinsic evidence bearing on the interpretation of the T-Mobile Contract.

7

seek to negotiate in favor of plaintiff's interpretation, as it would make collections more time-consuming for a collection agency, and therefore more expensive for T-Mobile.

Because plaintiff agreed to pay a reasonable estimate of T-Mobile's incurred costs *in advance*, the collection fee was due at the time the notice was sent.[3]  Therefore, no violation of the FDCPA occurred.

**B.      Overshadowing Claim**

The FDCPA requires certain language commonly known as a "validation notice" to be included in any debt collection letter.  See 15 U.S.C. § 1692g.  "The purpose of the validation notice is to provide the consumer with information necessary to challenge the debt allegedly owed before making a payment to an independent collection agency."  Harry, 2007 WL 812998, at *2.  There is no dispute that the Collection Notice contains a validation notice. [4]

A communication containing the validation notice can nonetheless violate § 1692g "if it conveys [the] information in a confusing or contradictory fashion so as to cloud the required message with uncertainty."  DeSantis v. Computer Credit Inc., 269 F.3d 159, 161 (2d Cir. 2001).  "A notice is overshadowing or contradictory if it . . . is reasonably susceptible to an inaccurate reading."  Russell, 74 F.3d at 35.  Here, plaintiffs contend that the statement "We are willing to work with you, but you must contact our office promptly" in the Collection Notice "contradicts and overshadows" the validation notice.  Pl.'s Mem. at 11.

I am not persuaded by plaintiff's argument.  First of all, the disputed language follows

---

[3] Plaintiff's cases do not compel a different result, as none addressed a contract where the consumer expressly agreed to pay in advance.  See, e.g., Ardino v. Solomon and Solomon, P.C., 13-cv-1821, 2014 WL 268680, at * (D.N.J. Jan. 23, 2014) (The consumers "did not agree to pay . . . a prospective or estimated fee.").

[4] The parties do not dispute the sufficiency of this notice.  I therefore assume, without deciding, that this notice meets all requirements of 15 U.S.C. § 1692g.

immediately after the validation notice, which references the thirty-day dispute period three times.  See Collection Notice.  Even the least sophisticated consumer can be presumed to read the entire notice. Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir.2005).  Therefore, the relevant inquiry is "whether the overall tenor of the notice creates an impression of dire urgency."  Foti v. NCO Financial Sys., Inc., 424 F. Supp. 2d 643, 663 (S.D.N.Y. 2006).  A single sentence requesting prompt contact does not create an impression of dire urgency.  Harry, 2007 WL 812998 at *3 ("[I]t would be unreasonable to interpret the language in the letter to require that payment be made in less than thirty days, especially when the validation notice, which clearly informs the reader of her right to dispute the validity of the debt, is only two paragraphs away.").

Nor does the contested language contradict the validation notice.  Vayngurt had two options: "either (1) pay the debt and avoid further action, or (2) notify [Southwest] within thirty days after receiving the collection letter that [he] disputes the validity of the debt."  Spira v. Ashwood Financial Inc., 358 F. Supp. 2d 150, 157 (E.D.N.Y. 2005).  Nothing in the letter suggests that Vayngurt should "forego the second option in favor of payment."  Id.

In fact, the "prompt" contact requested "could be to notify the sender that the debt is disputed, or to seek the identity of the original debtor."  Harry, 2007 WL 812998, at *3.  For this reason, "notices from debt collectors seeking contact from the debtor, even if requested immediately or urgently, are regularly found to be consistent with § 1692g." Foti, 424 F. Supp. 2d at 665.  "Being advised to attend to the matter promptly behooves the plaintiff since, if the plaintiff waits more than thirty days to attend to the matter, she loses many of her rights under the FDCPA."  Harry, 2007 WL 812998, at *3.  Therefore, I conclude that the language in the

9

Collection Notice could not reasonably confuse even the least sophisticated consumer.[5]

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings is DENIED. Defendant's motion for judgment on the pleadings is GRANTED. The Clerk of Court is ordered to close the case and dismiss the complaint with prejudice.

SO ORDERED.

                                                                                                      /s/

                                                Allyne R. Ross
                                                United States District Judge

Dated:        October 14, 2016
                Brooklyn, New York

---

[5] Plaintiff also alleges a violation of the FDCPA's "catch-all provision," 15 U.S.C. § 1692e(10). "The standard for determining a violation of § 1692e(10) is essentially the same as that for § 1692g. . . . Moreover, Plaintiffs advance no independent argument in support of the § 1692e(10) claim." Foti, 424 F. Supp. 2d at 666-67. I therefore reject the § 1692e(10) claim for the reasons explained above.